CL16001673-00
DIV
fd

**VIRGINIA:**

IN THE CIRCUIT COURT OF ARLINGTON COUNTY

JUSTIN POTTER WILSON, JR.,

   Plaintiff,

v.             CIVIL NO. 16-1673

ANNA NIKOLAEVA WILSON,

   Defendant.

## FINAL ORDER OF DIVORCE

THIS CAUSE came on to be heard upon the Complaint for Divorce filed by Plaintiff, JUSTIN POTTER WILSON, JR. ("Husband"), against Defendant, ANNA NIKOLAEVA WILSON ("Wife"); and the Answer to Complaint for Divorce filed by Wife;

IT APPEARING TO THE COURT that the parties agree to the terms of this Order, as evidenced by the signatures below and that the terms of this Order resolve all issues arising out of their marriage.

IT FURTHER APPEARING TO THE COURT, from the evidence duly taken, and independent of the pleadings or the admissions of either party, that:

1.  The parties hereto were lawfully married to each other on September 30, 2005, in Arlington, Virginia.

2.  One child was born of this marriage, namely Justin Potter Wilson, III, born September 1, 2008. No children were adopted of this marriage, and none are expected.

3.  Husband is and has been an actual bona fide resident and domiciliary of the Commonwealth of Virginia for at least six months immediately before commencing this case.

4.  Both parties are over the age of 18 years and neither is or has been an active duty member of the military service of the United States since commencement of this case.

5.  Wife's social security number is (See Private Addendum), and Husband's social security number is (See Private Addendum).

6.  Prior to the marriage, the parties entered into a Premarital Agreement dated September 30, 2005. The parties have also entered into a Marital Settlement Agreement, which was signed by Wife and by Husband on May 19, 2016. A copy of the parties' Premarital Agreement is attached hereto as Exhibit 1. The parties' May 19, 2016, Marital Settlement Agreement is attached hereto as Exhibit 2.

7.  The Premarital Agreement and the Marital Settlement Agreement together resolve all issues arising out of their marriage, including the matters of custody, visitation, support, and property division.

8.  The parties have lived separate and apart without any cohabitation and without interruption for one year; to-wit: since at least January 1, 2015.

9.  On or before January 1, 2015, it was Husband's intention that the parties' separation would be a permanent separation, and his intention has continued through the present day.

10. There is no hope or possibility of reconciliation between the parties.

**IT IS HEREBY**

**ORDERED** and **ADJUDGED** that Plaintiff is granted a divorce, *a vinculo matrimonii* from Defendant on the grounds that the parties have lived separate and apart without any cohabitation and without interruption for twelve months, to wit: since at least January 1, 2015, and have entered into a Marital Settlement Agreement; and it is further

**ORDERED** and **ADJUDGED** that the parties' Premarital Agreement and Marital Settlement Agreement Marital Settlement Agreement are hereby affirmed, ratified and

2

incorporated into this Final Order of Divorce, but not merged, in accordance with the provisions of Virginia Code §20-109.1, and the parties are hereby ordered to comply with all of its terms and conditions. This Order shall not be deemed a modification of the terms of the September 30, 2005, Premarital Agreement or the May 19, 2016, Marital Settlement Agreement; and, it is further

**ORDERED** and **ADJUDGED** that the Plaintiff and Defendant shall share joint legal custody of their minor child, Justin, as set forth in Paragraph 19(A) of their May 19, 2016, Marital Settlement Agreement. Plaintiff and Defendant shall share physical custody of Justin as set forth in Paragraph 19(B) of their May 19, 2016, Marital Settlement Agreement; it is further

**ORDERED** and **ADJUDGED** that in accordance with the provisions of §§ 20-60.3 and 20-107.1(H) of the 1950 Code of Virginia, as amended, the following information is provided:

### NOTICES and INFORMATION:

1. Notice is hereby given that support payments may be withheld as they become due pursuant to §20-79.1 or §20-79.2, from income as defined in §63.2-1900, without further amendments of this order or having to file an application for services with the Department of Social Services.

2. Notice is hereby given that support payments may be withheld pursuant to Chapter 19 (§63.2-1900 *et seq*) of Title 63.2 without further amendments to the order upon application for services with the Department of Social Services.

3. The name, date of birth and the last four digits of the social security number of the child to whom a duty of support is then owed by the parent as follows:

3

| Name | Date of Birth | Resides With | SSN Last 4 |
|---|---|---|---|
| Justin P. Wilson, III | 9/1/2008 | Mother/Father | 0633 |

4. The name, date of birth, the social security number of each parent of the child and, unless otherwise ordered, each parent's residential, and if different, mailing address, residential and employer telephone number, driver's license number, and the name and address of his or her employer as follows:

Person responsible for paying child support is Defendant/Husband.

| | **PLAINTIFF** | **DEFENDANT** |
|---|---|---|
| Name: | Justin Potter Wilson, Jr. | Anna N. Wilson |
| Date of Birth: | 9/20/1976 | 06/09/1976 |
| Social Security No.: | See Private Addendum Last Four Digits 2150 | See Private Addendum Last Four Digits 7883 |
| Driver's License No. and State: | C69603833, Virginia | B66007224, Virginia |
| Residence Address: | 319 North Oxford Street Arlington, Virginia | 888 N. Quincy Street, Unit 810 Arlington, Virginia |
| Residence Phone Number: | 202-492-0433 | 703-992-5626 |
| Mailing Address if different from residence: | Same as above. | Same as above. |
| Employer's Name and Address: | TennisServ. 626 Grant Street, Herndon, Virginia 20170 | Yorktown Systems Group, Inc. FSI/SLS/SPP -- Russian Section 1200 Wilson Blvd., Room 736 Arlington, VA 22209 |
| Employer Phone Number: | 703-657-0566 | 703-746-2645 |

If any of above information is not provided because of an exception pursuant to §20-60.3.4, state the exception: None exist.

4

5.  Notice is hereby given that, pursuant to §20-124.2, support will continue to be paid for any child over the age of 18 who is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support until such child reaches the age of 19 or graduates from high school, whichever occurs first, and that the court may also order that support be paid or continue to be paid for any child over the age of 18 who is (a) severely and permanently mentally or physically disabled, and such disability existed prior to the child reaching the age of 18 or the age of 19 if the child met the requirements of clauses (i), (ii), and (iii); (b) unable to live independently and support himself; and (c) residing in the home of the parent seeking or receiving child support.

6.  Notice is hereby given that a petition may be filed for suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business, occupation or recreational activity issued to the obligor by the Commonwealth of Virginia to a parent as provided in §63.2-1937 upon the occurrence of a delinquency for a period of ninety (90) days or more or in an amount of $5,000.00 or more. Neither party holds such a license.

7.  **SUPPORT**:

A.  SPOUSAL SUPPORT: As more fully set forth in Paragraph 18 of the parties' May 19, 2016, Marital Settlement Agreement, each party waives spousal support and maintenance from the other, now and in the future.

B.  CHILD SUPPORT: Commencing July 1, 2016, and on the first day of each month thereafter until further Order of this Court, Husband shall pay to Wife as child support the monthly sum of Two Thousand Dollars ($2,000.00). The parties' agreement as to support

5

and expenses for the child is set forth in Paragraphs 20, 21 and 22 of their May 19, 2016, Marital Settlement Agreement, as follows:

### 20. CHILD SUPPORT.

A. The Parents acknowledge their mutual duty to provide for the support and maintenance of the child. The Parents agree that Father shall pay child support to Mother as follows:

Commencing July 1, 2016, and continuing on the first day of each month thereafter, without demand or deduction, Father shall pay to Mother as child support the sum of TWO THOUSAND DOLLARS ($2,000.00), which sum has been agreed to by the Parties. The Parties have reached this agreement in consultation of the Virginia Child Support Guidelines, but without specific findings as to their respective incomes, and without prejudice at any future determination. The Parties have agreed, as further set forth above, that they shall each be responsible for the costs of the work related child care for Justin for the period that they have custody of Justin in the summer (Father, first half; Mother, second half).

Support shall continue to be made at the rate set forth herein until modified by mutual written agreement of the Parties incorporated into a court order, or as further determined by a court of competent jurisdiction in accordance with then-existing Virginia law. The Parties acknowledge that either party may request a modification to the child support payable between the parties upon a material change of circumstances.

B. The Parties acknowledge that pursuant to the Virginia Code, child support is payable for a child until that child reaches the age of eighteen, dies, marries, or is otherwise emancipated, whichever event first occurs. However, support shall continue past age eighteen if the minor child is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in the home of a parent receiving support, until the child reaches age nineteen or graduates high school, which ever first occurs.

C. For good cause shown, Father shall pay his child support obligation by direct deposit to Mother to such account as she designates.

### 21. PRIVATE SCHOOL EXPENSES.

A. The Parties acknowledge that their son, Justin, is enrolled in and attending Congressional School Schools of Virginia (hereinafter, "Congressional"). The Parties agree that the child will continue to attend Congressional through the Eighth grade, unless they otherwise mutually agree, in writing. Husband agrees to be solely liable for and pay tuition, fees and costs for Justin's attendance at Congressional. Husband's agreement to pay for Congressional shall be without prejudice; nothing in this provision shall serve to require Husband to pay for any other private school, or any private school tuition after the Eighth grade.

### 22. COLLEGE EXPENSES.

A. Husband shall be responsible for the college costs for Justin, as set forth herein. For purposes of this Agreement, the term "college costs" includes, but is not limited to, tuition and other required enrollment or matriculation fees and charges; all

6

necessary attendant fees and expenses, whether charges for attendance in general or by virtue of enrollment in a special course or program; and room and board on campus. However, the Parties agree that Husband's liability for college costs shall be capped at then-current in-state levels for tuition, fees, room and board at the University of Virginia. Husband's responsibility for the costs and expenses set forth above shall be reduced/adjusted to take into account any gifts or payments by Husband's family or any trusts or investments established by Husband and/or his family, scholarships, grants, loans or work study payments received by or on behalf of Justin.

B. College costs shall be paid directly to any college, university, or appropriate third-party associated with the incurred cost as and when such costs are due. However, it is expressly agreed that in the event a child lives with a parent during all or any part of a college academic period in which the child is taking classes, there shall be no reimbursement to that parent for the child's room and board at their residence, unless the Parties otherwise agree.

C. Husband's obligation for payment of Justin's college costs shall terminate upon Justin attaining the age of 22.

D. For purposes of enforcement of this Agreement, Justin shall not be considered a third party beneficiary.

## 8. **HEALTH CARE COVERAGE & UNREIMBURSED MEDICAL EXPENSES:**

A. NOTICE INFORMATION: This Order contains a provision for health care coverage, including the health insurance policy information, for dependent children pursuant to §§20-108.1 and 108.2, if available at reasonable cost. And this Order contains a statement as to whether health care coverage is provided for a spouse or former spouse. The health insurance carrier providing coverage applicable to this Order is: Blue Choice HAS Bronze, Group ID 99#1. The coverage is provided as a benefit of Plaintiff/Husband's employment. This Order further contains a statement whether any unreimbursed medical expenses are to be paid by or reimbursed to a party pursuant to Subsections D and G of §20-108.2, and if such expenses are ordered, then the provisions governing how such payment is to be made.

B. FOR CHILD: As more fully set forth in Paragraph 23A of the parties' May 19, 2016, Marital Settlement Agreement, medical coverage for Justin shall be provided by Plaintiff/Husband as a benefit of his employment. Unreimbursed medical expenses incurred

7

by a party are to be reimbursed to that party within 30 days of receipt of documentation by the other party that such expenses have been incurred and paid, as more fully set forth below. The parties' Agreement with respect to health care coverage and unreimbursed expenses is set forth at Paragraph 23(A), (B), (C), (D), (E), and (F) of their Marital Settlement Agreement as follows:

    A. Husband shall continue to maintain medical insurance for Wife until such time as a Final Order of Divorce is entered between them.
    B. Husband shall continue to maintain medical insurance for the child for so long as he is eligible to be covered.
    C. Commencing June 1, 2017, the Parties shall divide equally (50/50) any unreimbursed medical expenses for the child. Medical expenses shall include, but not be limited to, prescription medication, doctor-recommended vitamins and supplements, prosthetics, orthodontics, and mental health or developmental disabilities services including without limitation services provided by a social worker, psychologist, psychiatrist, counselor, or therapist. Husband shall be solely (100%) responsible for any unreimbursed medical expenses for the child prior to June 1, 2017.
    D. Commencing June 1, 2016, Husband shall be solely (100%) responsible for any reasonable and necessary unreimbursed dental or vision expense for the child.
    E. In the event that Wife pays for such an unreimbursed medical, dental or vision expense, she shall provide Husband with documentation evidencing that such expense was incurred, and Husband shall then provide within Thirty (30) days of receipt of that documentation, his reimbursement of such expense to Wife.
    F. The Parties' obligation under Paragraph 23C, 23D and 23E shall continue for the child for so long as there is an obligation of child support.

    C. FOR SPOUSE OR FORMER SPOUSE: There is no obligation to provide health coverage for a spouse or former spouse upon entry of this Final Order of Divorce.

    9.    **ARREARAGES**: There are no support arrearages as of July 1, 2016; and it is further

    **ORDERED** and **ADJUDGED** as follows:

    10.    If at any time child support payments are ordered to be paid through the Department of Social Services or directly to a party, and unless the Court for good cause shown orders otherwise, the parties shall give each other and the Court, and, when payments

8

are to be made through the Department, the Department of Social Services at least thirty (30) days' written notice, in advance, of any change of address and any change of telephone number within thirty (30) days after the change. Further, because support payments are to be paid directly to Wife, the parties shall give each other and this Court, at least 30 days advance written notice of any change in address and any change in telephone number within 30 days after the change.

11. If at any time child support payments are ordered to be paid through the Department of Social Services, the party with the support obligation shall keep the Department of Social Services informed of the name, address and telephone number of his current employer, or if at any time payments are ordered to be paid directly to the party receiving support, the payor party shall keep the Court informed of the name, address and telephone number of his current employer;

12. If child support payments are ordered to be paid through the Department of Social Services or directly to the obligee, and unless the court for good cause shown orders otherwise, the parties shall give each other and the court and, when payments are to be made through the Department, the Department of Social Services at least 30 days' written notice, in advance, of any change of address and any change of telephone number within 30 days after the change.

13. The separate amounts due to each person under this Order for child and/or spousal support, are set forth in this Order;

14. Notice is hereby given that in determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law. Pursuant to Virginia Code Section 20-78.2, interest shall accrue on the arrearage at the

9

judgment rate as established by Virginia Code Section 6.2-302 unless the obligee, in a writing submitted to the court, waives the collection of interest.

15. Notice is hereby given that on and after July 1, 1994, the Department of Social Services may, pursuant to Chapter 19 of Title 63.2 of the 1950 Code of Virginia, as amended, and in accordance with Section 20-108.2 and Section 63.2-1921 of the 1950 Code of Virginia, as amended, initiate a review of the amount of support ordered by any Court.

16. If any arrearages for child support, including interest or fees, exist at the time the youngest child included in the order emancipates, payments shall continue in the total amount due (current support plus amount applied toward arrearages) at the time of emancipation until all arrearages are paid.

17. Notice is hereby given that, in cases enforced by the Department of Social Services, the Department of Motor Vehicles may suspend or refuse to renew the driver's license of any person upon receipt of notice from the Department of Social Services that the person (i) is delinquent in the payment of child support by 90 days or in an amount of $5,000 or more or (ii) has failed to comply with a subpoena, summons, or warrant relating to paternity or child support proceedings; and, it is further

**ORDERED** and **ADJUDGED** that this Court shall retain jurisdiction to enter any orders necessary to enforce, modify, or carry out any orders of this Court pursuant to §20-107.3K, 1950 Code of Virginia, as amended, to ensure that the provisions of the parties' Agreement, are carried out; and, it is further

**ORDERED** and **ADJUDGED** that pursuant to § 20-124.5, Code of Virginia, as amended, the parties shall provide each other and the Court with thirty (30) days advance written notice of their intent to relocate and their intended change of address; and, it is further

**ORDERED** and **ADJUDGED** that in accordance with the provisions of §20-111.1 of the 1950 Code of Virginia, as amended, the following information is provided:

**Beneficiary designations for any death benefit, as defined in subsection B of § 20-111.1 of the Code of Virginia, made payable to a former spouse may not be revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.**

ENTERED this 30th day of September, 2016.

_____
JUDGE

11

SEEN & AGREED:

POWELL PIPER RADOMKSY, PLLC

By: _____
SARAH ANN PIPER (VSB No. 47290
Counsel for Plaintiff/Husband
11350 Random Hills Road, Suite 420
Fairfax, Virginia 22030
Telephone: (703) 665-3688
Facsimile: (703) 865-6188
spiper@pprfamilylaw.com


By: _____
VERONIKA METONIDZE (VSB No. 74146)
Counsel for Defendant/Wife
6807 Woodland Drive
Falls Church, Virginia 22046
Telephone: (571) 241-5987
Facsimile: (703) 997-0863
veronika.met@gmail.com